UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GARY DEE BICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:15CV32 SNLJ |
| | ) |
| CORIZON, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Gary Dee Bice, an inmate at Southeast Correctional Center ("SECC"), for leave to commence this action without payment of the required filing fee [Doc. #2]. Plaintiff has three "strikes" under 28 U.S.C. § 1915(g). He may only proceed in forma pauperis, therefore, if his allegations demonstrate that he is in imminent danger of serious physical injury.

For the reasons stated below, the Court will hold plaintiff's motion to proceed in forma pauperis in abeyance at this time. Additionally, the Court will order plaintiff to submit an amended complaint.

**Plaintiff's Complaint**

Plaintiff, an inmate at SECC, brings this action under 42 U.S.C. § 1983 against Corizon, Inc. and Dr. Birch. Plaintiff asserts that he "lost consciousness three times and the nursing staff did not try to revive [him.]" Plaintiff claims that as a result of losing consciousness, he "had six fractures to [his] nose and facial bones after the last fall." He states, "After the last fall I required surgery for reconstruction but no follow-up for nerve damage assessment or treatment."

1

Plaintiff complains that he still sometimes gets "headaches and nosebleeds." He claims his medical rights are being neglected." Plaintiff has not mentioned defendant Birch in the body of his complaint, however, he seeks monetary damages and injunctive relief by way of transfer to a prison with better medical facilities.

## 28 U.S.C. § 1915(g) and 1915(e)

The Court has reviewed plaintiff's prior litigation and finds that he has three dismissals that qualify as strikes under the statute. *Bice v. Ester*, No. 1:10CV93 SNLJ (E.D.Mo.); *Bice v. Commission or Directors of Cape Girardeau City Police Dept.*, No. 1:11CV27 SNLJ (E.D.Mo.); and *Bice Eastest*, 1:13CV181 SNLJ (E.D.Mo.). Therefore, he may only proceed in forma pauperis if he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

"[A]n otherwise ineligible prisoner is only eligible to proceed in forma pauperis if he is in imminent danger *at the time of filing*. Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan." *Ashley v Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (emphasis in original). To show imminent danger, a complaint must contain "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

## Discussion

As currently pled, the complaint does not demonstrate imminent serious physical injury. Plaintiff is complaining about injuries that have occurred in the past, but not necessarily danger to

2

himself at the time of the filing of the complaint. The complaint shows only that plaintiff was subjected to past physical harm. As a result, plaintiff has not shown that he is in imminent danger of serious physical injury, and he may not proceed in forma pauperis.

However, because of the serious nature of the allegations in the complaint, the Court will not decline plaintiff's motion to proceed in forma pauperis and dismiss the case at this time. Instead, the Court will give plaintiff the opportunity to file an amended complaint and plead the imminent danger exception to § 1915(g). Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint on a court-provided form. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file an amended complaint on a court-provided form within thirty (30) days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **HELD IN ABEYANCE**.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint on a court-provided form no later than thirty (30) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that upon submission of the amended complaint, the Court shall again review this action pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that the Court shall mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint form.

Dated this 2nd day of March, 2015.

/s/ Stephen N. Limbaugh, Jr.
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE